IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TILLMAN TORAO TOPPING AND GENENE L. TOPPING, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 5:22-cv-367 |
| CENLAR FSB, | § § | |
| *Defendant.* | § § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Cenlar FSB ("Cenlar" or "Defendant") removes this action from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On April 4, 2022, Plaintiffs Tillman Torao Topping and Genene L. Topping ("Plaintiffs" or "Toppings") filed their Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint"), *Tillman Torao Topping and Genene L. Topping v. Cenlar FSB;* Cause No. 2022CI06220, in the 166th Judicial District Court of Bexar County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 166th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiffs allege causes of action centered around the foreclosure of the real property commonly known as 7655 Alverstone Way, San Antonio, Texas

78250 (the "Property"). Plaintiffs seek injunctive relief and declaratory judgment for accounting of payments made under the note.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 166th Judicial District Court of Bexar County, Texas and obtained by Defendants are attached hereto. In support of this removal, please find attached as follows:

**Exhibit A:**  Civil Cover Sheet;

**Exhibit B:**  Supplement to Civil Cover Sheet;

**Exhibit C:**  State Court Docket Sheet;

**Exhibit D:**  State Court File; and

**Exhibit E:**  Bexar County Appraisal District Record.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendant Cenlar has not been served in this action and Plaintiffs have not requested service. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. *See* 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a. Diversity of Citizenship

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

*Defendants' Notice of Removal*
H610-2159 / BDF 9481631 Topping

Page 2 of 6

9. Pursuant to Plaintiffs' Complaint, Plaintiff is a citizen of San Antonio, Bexar County, Texas.

10. Defendant Cenlar FSB is a federal savings bank and has its corporate headquarters and its principal place of business in the state of New Jersey. Cenlar's citizenship is determined by the location of its main offices as set forth in their respective articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Cenlar's main office, as designated in its registration, is located in New Jersey. Therefore, Cenlar is a citizen of New Jersey for diversity purposes.

11. Plaintiffs are citizens of the State of Texas, Defendant Cenlar is a citizen of New Jersey, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

   **b.**  **Amount in Controversy Exceeds $75,000.**

12. Although Plaintiffs' Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13. The Complaint seeks injunctive relief preventing Defendant from foreclosing on the Property and claims related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is

measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

15. The Fifth Circuit has continually held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338 (5th Cir. 2013); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

16. The most recent tax appraisal for the Property valued it at $225,379.[1] This alone satisfies the $75,000 requirement. See *Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property and Plaintiffs' Complaint, it is apparent on the face of Plaintiffs' Complaint that the amount in controversy exceeds $75,000.

### IV.   VENUE

17. Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County,

---

[1] *See* Exhibit E, Bexar County Appraisal District valuation for the Property for 2022.

Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## CONCLUSION

Defendant Cenlar FSB removes this action from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By:   /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
Crystal G. Gibson
State Bar No. 24027322
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy of the foregoing has been sent on this the 14th day of April, 2022 to all parties of record.

***VIA ECF*:**
Nathan C. Cace
6609 Blanco Road, Suite 235
San Antonio, Texas 78216
nathan@cacelaw.com
**ATTORNEYS FOR PLAINTIFFS**

                                          */s/ Shelley L. Hopkins*
                                          Shelley L. Hopkins